0068

June A. HENSON, Administratrix of the Estate of Joe Henson, Appellant, v. BELL FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent.

(312 S. E. (2d) 586)

Court of Appeals

*Charles A. Rice, Jr.*, of *Boyd, Rice & Pruitt*, Spartanburg, *for appellant.*

*Gaines & Walsh*, Spartanburg, *for respondent.*

Feb. 10, 1984.

SHAW, Justice:

This is an action by appellant, June Henson, Administratrix of the Estate of Joe Henson, against the respondent, Bell Federal, a savings and loan company, for failure to procure credit life insurance on the life of Joe Henson. At the conclusion of Mrs. Henson's case in chief, the trial judge granted Bell Federal's motion for a nonsuit and this appeal followed. We reverse and remand for a new trial.

When viewed in the light most favorable to the appellant Henson, the evidence shows that the decedent, Joe Henson, obtained a mortgage loan on real property from Bell Federal. In order to comply with federal disclosure regulations, Bell Federal was required to have Mr. Henson sign a credit disclosure form as required in the Truth in Lending Act. On the form was a place where Mr. Henson could sign if he desired credit life insurance. The form provided that "no such insurance is provided unless the borrower signs the appropriate statement below". Mr. Henson signed the form indicating that he desired the credit life insurance.

Employees of Bell Federal act as agents for life insurance companies for the purpose of obtaining credit life insurance policies. Yet, after Mr. Henson signed the form indicating that he desired the insurance, Bell Federal gave no indication that further action was required by Mr. Henson to obtain the insurance. No application for insurance was made and no

premiums were paid. Mr. Henson and his wife (the appellant) had presumed the premiums for the insurance were included in the monthly mortgage payment. Before Mr. Henson's death, no notice was given to him nor his wife that he had no credit life insurance. When Mr. Henson died, no such insurance was in effect.

This is a case of first impression in South Carolina. The case of *Stone v. Davis*, 66 Ohio St. (2d) 74, 419 N. E. (2d) 1094 (1981), provides a set of facts identical to the case at hand. A borrower desiring a mortgage loan from a savings and loan company was given the required federal disclosure statement which contained the same language as above concerning credit life insurance. The borrower signed the form indicating that he desired the insurance; yet, the savings and loan never took any steps to procure the insurance or to advise the borrower that he was to procure the insurance himself. No insurance was ever obtained for the borrower. When the borrower died, his wife defaulted on the mortgage. When the savings and loan instituted a foreclosure action she then counterclaimed alleging that the savings and loan had negligently failed to procure the insurance for her husband. The court in *Stone* held that in the situation where a savings and loan gives advice to a loan customer on the subject of mortgage insurance, the bank is acting as a fiduciary to its customer and is under a duty to fairly disclose to the customer the mechanics of procuring such insurance. Even though the savings and loan and the customer may be negotiating at arm's length over the terms of the loan, this equality of position was held not to carry over into the area of procuring the credit life insurance. The savings and loan is not acting as a disinterested expert in advising on the availability of mortgage insurance; rather, the savings and loan has a direct pecuniary interest in inducing the customer to procure the insurance because it serves to protect the savings and loan's investment should the debtor die in an untimely manner.

Here, when Mr. Henson expressed a desire for the insurance, both parties must have understood that a special trust and confidence had been placed in the savings and loan to assist the borrower in procuring the insurance. When the savings and loan negligently failed to inform the borrower that he must procure the insurance himself, it breached the

fiduciary duty of fair disclosure which it owed to its customer.

We therefore hold that there was sufficient evidence on which the jury could have returned a verdict for Mrs. Henson. Accordingly, this case is reversed and remanded for a new trial.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.